UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TOMMY ALEXANDER, SR. | DOCKET NO. 6:08-MC-00005 |
| VS. | |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM ORDER

On February 14, 2008, Tommy Alexander, Sr. (Fed. Reg. No. 07193-035), an inmate in the custody of the Federal Bureau of Prisons who is currently incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania, filed a *pro se* pleading entitled, "Motion for Return of U.S. Currency Seized During Arrest and Subsequent Search(es) Now Held in Violation of Federal Rules of Criminal Procedure Rule 41(g)." Alexander alleged that $4600.00 was seized from him on September 15, 1989 when he was arrested by Federal Agents in the Western District of Louisiana. He claimed that these funds which were illegally seized, were not used as evidence, and were being held in violation of his Fifth Amendment rights.[1]

On April 8, 2008, the undersigned directed service of the Motion on the United States Attorney. [rec. doc. 5] On May 8, 2008 the undersigned granted the government's motion for an extension of time [rec. doc. 6] to respond to Alexander's motion and the government was ordered

---

[1] Court records reveal that in August 1993 Alexander filed a civil action seeking the return of property and currency (a 1988 Mercedes Benz automobile, some jewelry, a watch, a wedding ring and $375.00 in cash) seized on or about May 6, 1989. That action was dismissed as time-barred. See *Tommy Alexander, Sr. v. Dallas Cormier, et al.*, Civil Action Number 6:93-cv-1421. The judgment of dismissal was affirmed by the Fifth Circuit Court of Appeal. *Alexander v. Cormier*, 25 F.3d 1043 (5th Cir. 1994), and *certiorari* was denied by the United States Supreme Court, *Alexander v. Cormier*, 513 U.S. 938, 115 S.Ct. 338, 130 L.Ed.2d 296 (1994). This seizure was apparently unrelated to the 1989 seizure at issue herein.

to respond on or before June 9, 2008. [rec. doc. 7]   On June 9, 2008 the government filed a Motion to Dismiss. [rec. doc. 8]

On June 24, 2008 Alexander filed a Motion to Deny Government's Response alleging that the failure of the government to file its response within the time limits set by the April 8, 2008 order entitled him to immediate relief. [rec. doc. 9][2] On July 8, 2008 Alexander filed a Memorandum in Opposition to the government's Motion to Dismiss. [rec. doc. 10]

### *Statement of Facts*

The operative facts are not in dispute:

1. On September 15, 1989 Agents of the United States Drug Enforcement Agency arrested Alexander in New Iberia, Louisiana, and seized $4,443.00 in cash;[3]

2. Alexander was indicted on October 2, 1989 and found guilty of felony drug crimes on February 28, 1990; his conviction and sentence were ultimately affirmed by the United States Fifth Circuit Court of Appeals in 1992 and the judgment denying his motion to vacate was rendered on November 17, 1995;[4]

3. Alexander filed the instant Motion pursuant to Fed. R. Crim. P. 41(g) on February 14, 2008.

---

[2] To the extent that this motion needs to be addressed, it is obviously without a basis in fact or law; the government filed its response within the deadlines established by the previous order.

[3] Alexander, in his Response to the Government's Motion to Dismiss has conceded the amount alleged by the Government to be correct.

[4] See *United States v. Alexander*, 4:89-cr-00331, United States District Court, Southern District of Texas. Alexander's conviction and sentence were affirmed on appeal. *United States v. Alexander*, No. 90-2508 (5th Cir. Mar. 16, 1992) (unpublished); his subsequent Motion to Vacate was denied and his appeal of that denial was affirmed by the Fifth Circuit in 1995. See *United States v. Alexander*, 68 F.3d 466 (5th Cir. 1995)(unpublished).

## *Law and Analysis*

Alexander's claim is governed by 28 U.S.C. §2401(a) which provides in pertinent part, "... every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The government argues that Alexander's cause of action accrued on one of four possible dates: (1) 1989 (the date of the arrest and seizure); (2)1990 (the conclusion of the trial); (3) 1995 (the conclusion of the appeal/post-conviction process[5]); or, (4) 1994 (the conclusion of the 5-year limitation period afforded the government to bring a forfeiture action).

In response to the government's claim, Alexander argues: (1) his untimely action should not enrich the government; and, (2) the government's forfeiture without proper notice was unreasonable and its failure to provide sufficient notice of forfeiture mandates the return of the subject property; and, (3) his due process rights have been denied. Alexander does not explain why he waited almost 20 years after the seizure to contest its legality.

The purpose of a statute of limitations is to prevent surprises "through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). Put another way, statutes of limitations are designed to "protect defendants and courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *United*

---

[5] See footnote 4, supra. Alexander's conviction was affirmed on direct appeal in 1992; the denial of his subsequent Motion to Vacate was affirmed by the Fifth Circuit in 1995.

*States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). Thus, whether the government complied with the various statutes and regulations governing forfeiture is not at issue. Alexander has allowed any claim he might have had to slumber for almost two decades. Evidence has apparently been lost over the passage of that time. [See rec. doc. 8-2, p. 1, Government Exhibit 1] Therefore,

The government's Motion to Dismiss [rec. doc. 8] is **GRANTED;**

Alexander's "Motion for Return of U.S. Currency Seized During Arrest and Subsequent Search(es) Now Held in Violation of Federal Rules of Criminal Procedure Rule 41(g)" [rec. doc. 1] and his "Motion to Deny Government's Response for Failure to Respond in Timely Order" [rec. doc. 9] are **DENIED** and **DISMISSED.**

Signed at Lafayette, Louisiana, on July 16, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)